This case comes before the court on defendant’s request for review of Trial Judge Spector’s denial of its motion to suspend discovery, and allowance of plaintiffs motion for an order to produce. We conclude that the Government has failed to meet the heavy burden of Rule 53 (c)(2)(ii)(c) and deny the request for review.
Plaintiff was awarded a contract with the Army and Air Force Exchange Service (AAFES). That contract was terminated by the contracting officer because of an alleged default by the plaintiff. Plaintiff appealed to the Armed Services Board of Contract Appeals (ASBCA) which denied the appeal. Plaintiff petitioned this court for review pursuant to Rule 36. The petition challenged the ASBCA decision under the standards of the Wunderlich Act, 41 U.S.C. §§ 321-22 (1976), but also sought de novo review on certain issues. Plaintiff stated that it could not plead with the necessary specificity without examination of Exchange Service Manual (ESM) 32-1.
In response to the petition, defendant moved for summary judgment. Plaintiff subsequently moved for production of ESM 32-1 pursuant to Rule 74. Plaintiff explained that the manual in question listed the procedural and opera *608 tional rules to be followed by the AAFES, and that its terms were incorporated by reference into the contract at issue in this case. Defendant moved to suspend discovery pending a decision on its motion for summary judgment.
On December 1, 1978, Trial Judge Spector denied defendant’s motion to suspend discovery, suspended defendant’s motion for summary judgment, and granted plaintiffs motion to produce ESM 32-1. The Trial Judge did not certify the issues involved for prompt review.
Defendant argues that further proceedings pursuant to the discovery order would occasion a manifest waste of the resources of the court and of the parties. The Government argues that under the Wunderlich Act the court is limited to review of the claims advanced before the ASBCA, and that the basis of review is limited to the administrative record. Defendant therefore contends that any discovery is inappropriate and wasteful.
The plaintiff, however, is not seeking to discover extraneous factual material, but rather a government manual whose terms are incorporated into the contract on which the ASBCA based its decision. The Government has made no effort to explain why it is so reluctant to allow counsel for plaintiff an opportunity to see a document which may be central to the proper construction of the contract at issue in this case. We note that plaintiff was not represented by counsel before the ASBCA. This may explain why this seemingly key document was not sought at an earlier point in the proceeding. In any event, we believe it would be manifestly unjust, as well as contrary to the intent of Rule 36, to require plaintiff to argue the inappropriateness of the ASBCA’s interpretation of the contract without knowing the exact terms of the contract.
Accordingly, it is ordered, based on the parties’ submissions, but without oral argument, that defendant’s request for review is denied.